This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40187**

**LOYAL SERVICE AGENCY, INC.,**
**a New Mexico corporation,**

      Plaintiff-Appellee,

v.

**NEW MEXICO TAXATION & REVENUE**
**DEPARTMENT; and STEPHANIE SCHARDIN**
**CLARKE, Secretary of the New Mexico Taxation**
**& Revenue Department,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew Wilson, District Court Judge**

Atkinson, Baker & Rodriguez, P.C.
Justin D. Rodriguez
Julia E. McFall
Albuquerque, NM

for Appellee

Raúl Torrez, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellants

## DECISION

**WRAY, Judge.**

**{1}** Defendant the New Mexico Taxation and Revenue Department (the Department) appeals the district court's grant of summary judgment to Plaintiff Loyal Services

Agency, Inc. (Taxpayer), which concluded that Taxpayer was entitled to a refund of gross receipts taxes based on the deduction provided for by NSMA 1978, Section 7-9-93(A) (2016, amended 2023). The Department argues on appeal that (1) the deduction is available only to individual health care practitioners and not corporations; (2) as a matter of law, Taxpayer does not satisfy all of the criteria for the deduction; and (3) the regulations corresponding to Section 7-9-93 cannot expand the availability of the deduction. This Court recently resolved the Department's first and last arguments and held that Section 7-9-93(A) and the accompanying regulations permit "an employer entity to take the [d]eduction on behalf of an employee, provided that the entity is not otherwise excluded and the remaining requirements under the [s]tatute are satisfied." *Robison Med. Rsch. Grp. v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-065, ¶ 12, 535 P.3d 709.

**{2}** The Department did not preserve the second argument. *See* Rule 12-321(A) NMRA (requiring a party to fairly invoke a ruling from the district court to preserve an issue for appeal). On appeal, the Department argues that Taxpayer was required to—and did not—establish that the receipts to be deducted were received pursuant to a contract between a health care practitioner and a managed health care provider. *See* § 7-9-93(A) (allowing the deduction for the "[r]eceipts of a health care practitioner for commercial contract services . . . paid by a managed health care provider"). At the summary judgment stage, however, the Department did not dispute the asserted facts that Taxpayer contracted with a federal agency to provide services or that the federal agency was a managed health care provider. A fact not disputed is deemed admitted for the purposes of summary judgment. *See* Rule 1-056(D)(2) NMRA ("All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted."). Taxpayer supported the factual assertions with affidavit evidence and a Rule 1-036(A) NMRA admission made by the Department in discovery in the present case. *See* Rule 1-036(B) (providing that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission" and limiting the effect of the admission to "the pending action"). The Department made no legal argument in the district court, as it does on appeal, that the federal agency was not a managed health care provider. As a result, the Department did not preserve the issue for appeal, and we decline to consider the argument. *See Nellis v. Farmers Ins. Co. of Ariz.*, 2012-NMCA-020, ¶ 23, 272 P.3d 143 ("The rules of preservation are no different for review of summary judgment than for review of other final orders.").

**{3}** For the reasons stated herein, we affirm.

**{4}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**